(No. 4428-)

ERNEST JENKINS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

ERNEST JENKINS, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Ernest Jenkins filed his complaint on April 18, 1951, alleging that on January 21, 1951, while an employee of the Department of Public Welfare, Division of Nursing, at Jacksonville, Illinois, he was injured when struck in the left eye by a violent patient with his fist.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, and transcript of evidence.

At the time of the accident, claimant was married, but had no children under 18 years of age dependent upon him for support. His annual earnings during the year immediately preceding the accident were $3,000.46.

On January 21, 1951, a newly admitted patient, Arthur Stewart, sat down on the floor while breakfast was being served. Claimant was in front of him, and a patient in back of him. As they were attempting to get him up, said patient struck Mr. Jenkins in the left eye, smashed his glasses, and inflicted an injury described as "discoloration around left eye". The injury was described as follows "sclera of the left eyeball, swollen, with large hematoma around". "Pupil dilated, does not react to the light. Vision very much diminished. Case referred to Dr. Alfred G. Schultz, oculist."

Under date of February 21, 1951, Dr. Schultz reported as follows:

"The above patient was attended by me for an injury sustained while on duty 20 January 1951. He has been under my observation from that time until the present, and now is ready to return to duty.

The diagnosis of the injury sustained was rupture of left eye with prolapse of iris subconjunctivally with hyperemia, subconjunctival ecchymosis, contusion of left lids and orbital region. The eye has cleared quite satisfactorily, and at present his corrected left vision is 20/30-1 in the injured eye. This I do not believe should change periodically for the development of cataract, glaucoma or retinal change. At present there is no indication that these complications will develop, but it is still possible."

Dr. Schultz testified at the hearing of this cause as follows:

"There is some discrepancy in vision, that I believe is secondary to this injury. His corrected vision at the present is 20/30, or as a guess, a decrease of about 1/10th of what we would anticipate his vision to have been prior to the injury, judging from his right vision. In addition to the loss of his natural vision there is some permanent disability due to the deformity of the pupil, which allows for an increase in sensitivity to light, and has some dazzle effect on the vision."

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment.

Claimant is entitled to an award of 10% loss of the use of his left eye, under Section 8, Paragraph (e)

(16) of the Workmen's Compensation Act, amounting to $270.00.

The claimant lost five and one-seventh weeks time as a result of the accident, and should be allowed temporary total disability for that period. Claimant's compensation rate is the maximum of $15.00 per week; since the accident occurred subsequent to July 1, 1949, this must be increased 50%, making his compensation rate $22.50 per week. As claimant was entitled to five and one-seventh weeks while temporarily totally incapacitated, he should have received $115.71. Claimant received from the respondent $329.33; therefore, he was overpaid the sum of $213.62, which must be deducted from his award, leaving a total award due in the sum of $56.38.

An award is, therefore, entered in favor of claimant, Ernest Jenkins, in the sum of $56.38, all of which has accrued, and is payable forthwith.

Dr. Alfred G. Schultz testified at the hearing that there is a balance due him for services rendered claimant in the sum of $63.50, and he is entitled to payment for these services.

An award is, therefore, entered in favor of Dr. Alfred G. Schultz in the sum of $63.50, payable forthwith.

The evidence discloses that Nancy H. Schindler was employed to take and transcribe the evidence at the hearing before the Commissioner. For said services she made a charge of $51.00, which we find is fair, reasonable and customary.

An award is, therefore, entered in favor of Nancy H. Schindler, Court Reporter, in the sum of $51.00.

These awards are subject to the approval of the Governor, as provided in Section 3 of "An Act con-

cerning the payment of compensation awards to State employees".